UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MONTGOMERY,<br><br>   Petitioner,<br><br> v.<br><br>SCOTT YOUNG,<br><br>   Respondent. | Civil Action No. 18-17529 (RBK)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

  Petitioner is a federal prisoner currently incarcerated at FCI Fairton, in Fairton, New Jersey. He is proceeding *pro se* with an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241[1] ("Petition"). For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction and transfer the Petition, to the extent Petitioner may be making a claim under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the United States Court of Appeals for the Fifth Circuit.

## I.   BACKGROUND

  The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. In 2012, Petitioner pleaded guilty to armed bank robbery and use and carrying a firearm during a crime of violence. Thereafter, the United States District Court for the Western District of Texas sentenced Petitioner to 272 months in prison.

  The remaining procedural history is unclear, but Petitioner appears to have filed an initial § 2255 motion, and a district court denied that motion on the merits in 2014. *United States v.*

---

[1] Petitioner had initially submitted a handwritten petition, rather than one on a proper form. The Court terminated the matter and ordered Petitioner to resubmit his petition on a proper form. Upon review of Petitioner's latest submission, Petitioner is challenging his conviction and sentence 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254.

*Montgomery*, No. 17-899, 2017 WL 11446308, at *1 (W.D. Tex. Sept. 18, 2017). Thereafter, Petitioner filed, or requested authorization to file, a number of second or successive § 2255 motions, and received a denial at each turn. *Id*.

In particular, Petitioner had moved for authorization to file a second or successive § 2255 motion challenging his conviction for use of a firearm during a crime of violence under 18 U.S.C. § 924 (c), arguing that "his bank robbery offense no longer qualifies as a crime of violence . . . in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)." *In re: Richard Montgomery*, No. 16-50699, slip op. at 1 (5th Cir. Nov. 23, 2016) (per curiam). In November of 2016, the United States Court of Appeals for the Fifth Circuit denied Petitioner's motion, finding, among other things, that *Johnson* did "not offer a basis for challenging the crime of violence provision of § 924(c)." *Id*. at 1–2.

Thereafter, Petitioner again moved for authorization to file a second or successive § 2255 motion, once again "challenging his conviction for using a firearm during a crime of violence under 18 U.S.C. § 924(c). *See* 28 U.S.C. § 2244(b)(3)(A); § 2255(h). Relying on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), he contend[ed] that the 'crime of violence' definition in § 924(c)(3)(B) is unconstitutionally vague." *In re: Richard Montgomery*, No. 18-50770, slip op. at 1 (5th Cir. Oct. 23, 2018) (per curiam).

In October of 2018, the Fifth Circuit concluded that because Petitioner did "not rely on newly discovered evidence of innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, he has failed to make a prima facie showing that the proposed motion satisfies the requirements of § 2255(h)." *Id*. Consequently, the Fifth Circuit denied Petitioner's motion.

In December of 2018, Petitioner had initially submitted a handwritten petition, and the Court terminated the petition and directed Petitioner to file a new petition, on the forms supplied by the Clerk of the Court. In February of 2019, Petitioner filed the instant § 2241 Petition, repeating his *Dimaya* claim, appearing to repeat his *Johnson* claim, and alleging that the Fifth Circuit's application of the gatekeeping provisions on second or successive § 2255 motions, § 2255(h) and § 2244(b)(2), renders § 2255 an "inadequate or ineffective" remedy.

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this

> section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change

4

in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, the Petition fails to fall within the *Dorsainvil* exception because § 2255 is not "inadequate or ineffective" to raise Petitioner's claims. Petitioner once again challenges his conviction under 18 U.S.C. § 924(c), for using a firearm during a crime of violence, arguing that the residual clause in the "crime of violence" definition of § 924(c)(3)(B), is unconstitutionally vague, under *Dimaya* and *Johnson*.

In *Dimaya*, the Supreme Court held that that the residual clause in the definition of a "crime of violence" under 18 U.S.C. § 16(b) was unconstitutionally vague in relation to the Immigration and Nationality Act. *Lewis v. United States*, No. 06-0076, 2019 WL 1795540, at *3 (D.N.J. Apr. 24, 2019)(quoting 18 U.S.C. § 16(b) ("any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense")). Petitioner argues that *Dimaya* should apply to the residual clause in § 924(c)(3)(B).

*Dimaya*, however, "did not announce a new rule of constitutional law – the Court in issuing that decision specifically stated that *Dimaya* was no more than a 'straightforward application' of" *Johnson*, 135 S. Ct. at 2563, which invalidated the residual clause in the Armed Career Criminal Act. *Lindsay v. United States*, No. 16-3281, 2018 WL 3370635, at *3 (D.N.J. July 10, 2018) (holding that *Dimaya* "did not introduce a new rule of law but merely applied *Johnson*").

As the Third Circuit has held, *Johnson* claims, are "precisely the type of constitutional claim that can be pursued in a second or successive § 2255 motion." *Rosello v. Warden F.C.I. Allenwood*, 735 F. App'x 766, 768 (3d Cir. 2018). The Third Circuit has also "recognized that §

2241 is not the appropriate vehicle to pursue a *Dimaya* based claim." *See, e.g.*, *Trevino v. United States*, No. 18-1937, 2018 WL 5437741, at *3 (M.D. Pa. Oct. 29, 2018) (citing *Rosello*, 735 F. App'x 768 n.5); *Luster v. White*, No. 18-1059, 2018 WL 2981333, at *2 (M.D. Pa. June 14, 2018).

In the instant case, Petitioner filed two motions for authorization to file a second or successive § 2255 motion with the Fifth Circuit, raising claims under *Johnson* and *Dimaya* respectively, and the Fifth Circuit denied each motion. *In re: Richard Montgomery*, No. 18-50770, slip op. at 1; *In re: Richard Montgomery*, No. 16-50699, slip op. at 1. Petitioner complains that the Fifth Circuit improperly denied his motions and that the Fifth Circuit's application of § 2255's gatekeeping requirements, § 2255(h) and § 2244(b)(2), renders § 2255 a "sham." (ECF No. 1, at 13).

Once again, however, § 2255 "is not inadequate or ineffective merely because . . . [P]etitioner is unable to meet the stringent gatekeeping of . . . § 2255." *Cradle*, 290 F.3d at 539. Indeed, the Fifth Circuit has previously granted similar applications in other *Johnson* related cases. *See, e.g.*, *Gasaway v. United States*, No.16-211, 2019 WL 2084424, at *3 (E.D. Tex. May 13, 2019)(noting authorization to file a second or successive § 2255); *Albro v. United States*, No. 16-110, 2017 WL 1609487, at *4 (E.D. Tex. May 1, 2017)(same).

Nor is § 2255 inadequate or ineffective, merely because the Fifth Circuit concluded that Petitioner's claims lacked merit. *Cradle*, 290 F.3d at 539; *see In re: Richard Montgomery*, No. 16-50699, slip op. at 1. (finding that *Johnson* "does not offer a basis for challenging the crime of violence provision of § 924(c)); *In re: Richard Montgomery*, No. 18-50770, slip op. at 1 (finding that *Dimaya* was not a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court")); *see also, e.g.*, *Lindsay*, 2018 WL 3370635 * 3 (concluding that *Dimaya* has not been rendered retroactive to collateral review cases).

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction and sentence.

That said, the Court recognizes that Petitioner's underlying argument, that challenges his § 924(c) conviction because the "crime of violence" residual clause in § 924(c)(3)(B) is unconstitutionally vague, was precisely the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Broadly construing the Petition, Petitioner may have made a *Davis* claim before the Supreme Court decided *Davis*. Further, the Fifth Circuit has held that "*Davis* announced a new, retroactively applicable rule of constitutional law." *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *see also In re Matthews*, 934 F.3d 296 (3d Cir. 2019).

To the extent Petitioner is making a *Davis* claim, however, this Court would also lack jurisdiction to consider the merits of such a claim under § 2241, for substantially the same reasons discussed above. In other words, the proper vehicle for a *Davis* claim is a motion under 28 U.S.C. § 2255, with the sentencing court. *See Reece*, 938 F.3d at 635.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fifth Circuit to file a second or successive motion. 28 U.S.C. § 2244(b)(3). To the extent Petitioner may be challenging his § 924(c) conviction for use of a firearm during a crime of violence, under *Davis*, the Court finds that it is in the interests of justice to transfer the Petition to the Fifth Circuit. The Court will not, however, transfer Petitioner's claims, to the extent that they rely on *Johnson* and *Dimaya*. *See Reece*, 938 F.3d at 633 n.2 ("Reece's reliance on *Johnson* and *Dimaya* is misplaced. Neither announced a new rule of constitutional law regarding § 924(c)(3)(B).").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction, but transfer the Petition, to the extent it may make a *Davis* claim, to the United States Court of Appeals for the Fifth Circuit. An appropriate Order follows.

DATED: February 13, 2020
                                                     s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                   United States District Judge